## W. T. Freeland v. Oscar Hughes.

The decision in this case is controlled by the opinion rendered in the former hearing thereof and reported in volume 109 Ill. App. 73.

Action of assumpsit. Appeal from the Circuit Court of Moultrie County; the Hon. W. C. JOHNS, Judge, presiding. Heard in this court at the November term, 1904. Reversed with finding of facts. Opinion filed April 20, 1905.

HARBAUGH & THOMPSON, for appellant.

E. J. MILLER, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a suit by appellee against appellant to recover commissions alleged to be due him for the sale of certain real estate. He recovered judgment in the Circuit Court for $174, from which the defendant appeals.

Upon a former trial of the cause plaintiff recovered a judgment for a like sum, which, upon appeal to this court, was reversed and the cause remanded because of the giving by the trial court of an erroneous instruction. Freeland v. Hughes, 109 App. 73. We have carefully read and considered the evidence and are constrained to adhere to the conclusion as to the facts involved, expressed in our former opinion, and now hold that the greater weight of the evidence clearly establishes the fact that appellee's

authority to sell the land was revoked before the alleged sale to Wiley was finally effected. We are further of opinion that the letter from appellant to appellee, designated. as "Exhibit 2" and written after such revocation, did not constitute an acceptance by the former of the latter's services in selling the land to Wiley, nor a ratification of such sale. The cause has been thrice tried in the Circuit Court and appellee has had ample opportunity to establish his alleged right of action. We have twice held that the evidence adduced by him was insufficient for that purpose. It is time that the litigation should end.

The judgment of the Circuit Court is therefore reversed without remanding.

*Reversed.*

Finding of facts, to be incorporated in the judgment of the court:

We find that the employment of appellee by appellant was ended and his authority to sell the land in question revoked by appellant prior to the sale of the same to Wiley; that such employment and authority were not subsequently renewed, and that the subsequent sale to Wiley was not ratified by appellant.